SHADRACK CHEATHAM v. ADAIR COUNTY COURT.

**County Paupers—Recovery for Services to the Poor.**
> The manner in which charity is to be bestowed on the county's poor
> is left to the county court, and there is no implied promise that the
> county will repay one who has expended money for the poor.

**Services Voluntarily Rendered.**
> No allowance for services voluntarily rendered in the support of the
> poor by a citizen can be demanded as a matter of right from the county
> court.

APPEAL FROM ADAIR CIRCUIT COURT.

October 6, 1877.

OPINION BY JUDGE PRYOR:

That the county court is compelled by law to make proper allowances or the necessary provisions for the support of the paupers of the county in which it is organized cannot be questioned; but the manner in which this charity is to be bestowed is left with that tribunal, while such a discretionary power is vested in that body that neither the county judge nor the justices have the right to say that no allowance whatever will be made, but are required by law to make such apportionments as will maintain those who, by reason of their condition, are unable to support themselves. Nor do we understand that the objection to discharge such a duty is denied by the county court; but on the contrary it is conceded that such allowances must be made, and it is insisted that there is no implied assumpsit upon the part of the county to pay those who have voluntarily supported the poor and needy, for no other reason than that the county court might have made an allowance if that tribunal had been called on to do so.

A county court, in making such allowance, must first know that the party who is asked to be maintained is a pauper, and when this is done, provision in the way of his support is made a matter of record. This is by either sending the party to the poorhouse or making an allowance of a certain sum to it, or by taking care of him. When this action is taken, the county is under an obligation to discharge what, by the record of its county court, it has been said must be done.

If the county court should refuse to make any provision for the pauper a mandamus is the proper remedy. No allowance for part services voluntarily rendered in the support of the poor by a citizen can be demanded as a matter of right from the county court, the

only test of' responsibility in such a case being, "Did the county court, by an order of record, require the services to be rendered?" This is the only mode in which the obligation to pay can be credited. The citizen has no right to provide for the pauper and then say to the county court, "You must pay me for my charity." The county court, if applied to, may have made a better bargain with some one else, or may have concluded that the party would be treated more humanly by some of his neighbors, or may have thought best to send him to the poorhouse. To sanction such a demand upon the part of the citizen would be to strip the county court of all discretionary power over the paupers of the county, and take from that tribunal the general supervision of the wants of the poor and needy so necessary to their happiness and welfare. Besides, if this power is taken from the county court and vested in those who may see proper to provide for the poor, such claims would be continually presented for such services, and the county made bankrupt by those who are as near the poorhouse as the poor they profess to have provided for.

In this case allowances had been made for the support of the pauper, and finally the county court entered an order in substance that the poor could thereafter be sent to the poorhouse. No objections were made after the order was entered for the support of the pauper by the appellant, but the latter continued to support him until after the pauper's death, and then applied for an allowance to the county court, insisting that as once or perhaps twice it had made an allowance for his support a legal obligation was thereby imposed upon that tribunal to continue the allowance, and if not, the law implied a promise on the part of the county to pay him for such services. In our opinion such a claim, however meritorious, cannot be enforced. The judgment is therefore *affirmed*.

*Stewart & Murphy, for appellant.*

*R. B. Dahoney, A. Duvall, C. M. Salle, for appellee.*